UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14045-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE BRAVO,

    Defendant.
_____/

FILED by ___ D.C.
AUG - 6 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 10-5056]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the attachments made thereto in support the requested amount of fees, and Mr. Hutchinson's letter of explanation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of 8 hours of in-court time at the rate of $125 an hour for a total sum of $1,000.00. Further, counsel for the Defendant seeks reimbursement of 98.3 hours of out-of-court time at $125.00 an hour for a total of $12,287.50. In addition, travel expenses in the amount of $222.20 are sought to be reimbursed. This brings the total amount of the requested fees to $13,509.70 as previously reviewed by the CJA Administrator.

    2.    This Court has reviewed the voucher, the time records attached, as well as Mr. Hutchinson's letter. This Court is familiar with this case since it conducted all pretrial proceedings, including the hearing on the Defendant's change of plea.

    3.    The Defendant was charged by Information with one count of mail fraud/wire fraud. He appeared before this Court on September 20, 2011 for his initial appearance. At

that time Mr. Hutchinson was appointed as counsel for the Defendant under the Criminal Justice Act. The Defendant was also arraigned before this Court at that time and this Court set conditions of pretrial release/bond.

4.  On or about October 12, 2011, the government provided its first response to the Defendant in respect to this Court's Standing Discovery Order. A second discovery response was provided by the government on October 25, 2011. During the interim, a Status Conference previously set by this Court was cancelled by motion of the Defendant.

5.  Thereafter the case proceeded in a normal and routine fashion. This Court conducted a Change of Plea Hearing on November 3, 2011, at which time the Defendant entered his guilty plea pursuant to a Plea Agreement and Factual Proffer. This Court issued its Report and Recommendation to the District Court which was later adopted. The District Court thereafter set a Sentencing Hearing in the matter.

6.  Sentencing was held by Judge Moore on February 27, 2012. A Restitution Hearing was held by Judge Moore on May 24, 2012. Judge Moore thereafter entered an Amended Judgment including restitution by Order dated May 24, 2012.

7.  This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

8.  The attorney's fees sought by Mr. Hutchinson exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). As a result, this Court must determine if there is justification to waive or exceed the statutory amount which in this case is $9,700.00. In making such a determination, this Court must establish if this matter was "extended" or "complex" as defined in the statute and the case law. An extended case is one requiring more time than normal under similar facts and circumstances. A complex case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would

require. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States of America v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

9. This case proceeded in a very routine fashion as noted above. There were no extensive hearings. In fact, the only hearings held in this case were the Defendant's initial appearance, his change of plea, his sentencing, and a restitution hearing.

10. Based upon the entire record, this Court cannot in good faith find that this matter was complex under the definition required in reviewing these requests for fees. Mr. Hutchinson is a very qualified criminal defense attorney and appears before this Court on a regular basis. However, the charges in this case were a one count Information charging mail/wire fraud. They were not complex. There were only two discovery responses. This Court does not doubt that there may have been numerous documents contained within those discovery responses. However, there is nothing in the record before this Court which would indicate that the matter was highly unusual to a degree that it would be necessary for this Court to find the case to have been complex. This Court understands the post-plea negotiations and continued involvement of the Defendant in this case concerning his cooperation with the government. The Court has taken all of that into consideration.

11. This Court does not believe that the matter fits within the definition of an "extended case." The total time that this took from the initial appearance through the Defendant's change of plea was under two months. Sentencing occurred three months later. The final Restitution Hearing was then held in May of 2012. Therefore, the total time that this case was pending before the District Court from the Defendant's initial appearance through the conclusion of the Restitution Hearing is just a couple of days over nine months.

12. This Court does appreciate the services provided by Mr. Hutchinson to the Defendant and his willingness to serve on the Criminal Justice Act list of attorneys to provide

legal services to indigent defendants when there is a conflict with the Federal Public Defender's Office. However, this Court has a gatekeeper function as well which must be balanced in reviewing matters such as this. This Court must balance the right of court appointed counsel to receive adequate compensation for representation given to a particular indigent defendant as provided by statute with the understanding and realization that there are limited CJA funds available in this district and nationwide for payment of such services. This Court must make certain that defense counsel is adequately compensated for his representation in this matter. In addition, this Court must make certain that such amounts exceeding the statutory cap, such as in this case, are not paid unless there is sufficient justification under the applicable case law and statutory framework of the CJA program. Otherwise, there would be a severe impact on the availability of CJA funds to indigent defendants in the future.

13. By reducing the amount sought to the statutory cap of $9,700.00, this Court is not questioning any of the time records which Mr. Hutchinson has submitted in support of his application. This Court is making a determination that under the statutory framework and definitions applicable in cases of this type, this case does not meet the definitions of either being "extended" nor "complex." As such, Mr. Hutchinson's recovery of attorney's fees is limited to the statutory maximum of $9,700.00 plus travel expenses in the amount of $222.20.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 10-5056 be **GRANTED** insofar as Mr. Hutchinson be awarded the statutory maximum of $9,700.00 as reasonable attorney's fees together with travel expenses in the amount of $222.20, for a total sum of $9,922.20.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of August, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
F. C. Hutchinson, III, Esq.
Lucy Lara, CJA Administrator